**Childs Instant Homes Inc. v. Wolstenholme**

*Peter Harrison,* for plaintiff.
*J. Michael Ruttle,* for defendant.

BORTNER, *J.,* December 1, 1989 — This is an action in ejectment by Childs Instant Homes Inc., plaintiff, against defendants who are tenants at plaintiff's mobile home park under separate leaseholds. Plaintiff filed this action in ejectment after defendants' leases were terminated and defendants chose not to accept the proffered new leases. This action having been heard, we make the following

## FINDINGS OF FACT

(1) Plaintiff, Child Instant Homes Inc., is owner of real estate consisting of a mobile home park located in Doylestown Township and New Britain Borough.

(2) Plaintiff does business under the aforesaid corporate name as well as the duly registered corporate fictitious names of Colonial Heritage and Lake Ridge.

(3) Defendants Robert F. Wolstenholme and Theresa L. Wolstenholme reside at Lot no. 198 in Colonial Heritage under a lease dated March 10, 1983.

(4) Defendants Charles J. Adamitis and Patricia J. Gampa reside at Lot no. 42 in Lake Ridge under a lease dated December 11, 1986.

(5) Defendants James R. Hellerick and Audrey Hunsberger reside at Lot no. 57 in Lake Ridge under a lease dated March 4, 1986.

(6) The above-mentioned leases were for month-to-month tenancies.

(7) By written notice dated June 24, 1988, plaintiff advised defendants that their existing lease agreements were terminated, and a new lease agree-

ment would be applicable to all residents' tenancies, effective after July 31, 1988.

(8) In addition, plaintiff also served notice on defendants on August 9, 1988, advising them that their failure to enter into the new lease and complete new registration certificate was considered by plaintiff as an intention on the part of defendants not to renew their leases or to remain residents of plaintiff's mobile home parks. Said notice also directed defendants to vacate the premises.

(9) All defendants have remained in possession of plaintiff's property after the notice to quit.

(10) Each of defendants' leases, which were in effect prior to July 31, 1988, provides that, in the event that defendants shall fail to deliver immediate possession of the rented premises to plaintiff at the termination of the lease for any reason, defendants shall pay plaintiff, as liquidated damages, for the time possession of the demised premises is withheld, the sum of $10 per day.

(11) Based upon the above-mentioned leases, each of defendants is liable to plaintiff for the sum of $10 per day, as liquidated damages, beginning August 1, 1988 and continuing until possession of the leased premises is delivered to plaintiff.

(12) Since August 1, 1988, none of defendants have paid rent to plaintiff either in the amount set forth in the leases in effect prior to August 1, 1988 or in the current amount required under the proffered new leases.

(13) On September 29, 1988, plaintiff commenced an action in ejectment against defendants.

(14) On July 17, 1989, trial was held before the undersigned.

Defendants allege that lease termination is not a recognized ground for eviction under the Mobile Homes Rights Act, 68 P.S. §398.1 et seq., and thus plaintiff cannot succeed. However, the instant action is clearly one in *ejectment* after the leases were terminated — not one in eviction.

An eviction and action for ejectment are separate and exclusive remedies. *G&G Mobile Home Sales v. Godfrey,* 15 D.&C. 3d 752, 754 (1979). "An eviction is the termination of the leasehold interest before the end of the term for a breach of one of the conditions of the lease." *Id.* at 754.

The recovery of real estate by the landlord at the expiration of the term of the lease is not an eviction. *Id.* at 756. It is the duty of the tenant to give up possession of the premises at the end of the term of his leasehold. If he does not, the landlord has a right to recover possession by an action in ejectment. 2 Stern's Trickett on the Law of Landlord and Tenant §446.

The court in *G&G Mobile Home Sales v. Godfrey, supra,* held that the act, which limits the reasons for ejection from a mobile home park, *does not limit* a landlord's right to recover the premises at the expiration of the term of a lease. This holding applies even to leases on a month-to-month term. The *Godfrey* court reasoned that if mobile home park owners did not have the right to recover their premises at the expiration of the lease, tenants would have perpetual leases.

We find that plaintiff properly terminated defendants' existing leases and offered new leases. Since defendants rejected the new leases, plaintiff's action in ejectment is proper and defendants must give up possession.

## ORDER

And now, December 1, 1989, we hereby enter an order in ejectment, requiring defendants to deliver and yield to plaintiff possession of the premises upon which defendants reside. We further enter judgment in favor of plaintiff and against defendants for liquidated damages calculated in accordance with defendants' prior lease agreements and oil and electric charges.

We award judgment against defendants in the following amounts:

(1) Robert Wolstenholme and Theresa Wolstenholme in the amount of $5,183.95.

(2) Charles Adamitis and Patricia Gampa in the amount of $6,117.64.

(3) James Hellerick and Audrey Hunsberger in the amount of $5,800.45.